## F. E. FOSTER
### v.
## T. N. BOUE AND VOLNEY WEAVER.

*Libel—Words not Libelous—Demurrer Sustained.*

Where, in a declaration in an action for libel, the supposed actionable
words charged were the calling of the plaintiff "a little insignificant
puppy," and that, in a certain contingency, he would "lie," it is *held:*
As the declaration contained no inuendo and no allegations of special dam-
ages, that the demurrer to the declaration was properly sustained.

[Opinion filed December 8, 1890.]

IN ERROR to the Circuit Court of Iroquois County; the
Hon. ALFRED SAMPLE, Judge, presiding.

Mr. C. H. PAYSON, for plaintiff in error.

Mr. FREE P. MORRIS, for defendants in error.

LACEY, J. The plaintiff in error brought suit against the
defendants in error to recover damages in an action on the
case, for defamation of character by libel. The court below
sustained a demurrer to the declaration and the plaintiff in
error abiding his declaration rendered judgment against him
for costs. To reverse this judgment this writ of error is sued
out and plaintiff in error assigns for error the sustaining the
demurrer.

The supposed actionable words were contained in a certain
letter averred to have been delivered by defendant in error
Boue to his co-defendant Weaver, who then being the editor
of the newspaper called the "Loda Times," published it
therein. The alleged defamatory words are as follows: "You
(meaning the plaintiff) little insignificant puppy." "We want
nothing more to do with you. Should we accept your prop-
osition you would either back out or lie out of it." These
words were charged to be false, malicious and intended to

degrade the plaintiff in error in his good name, and subject him to public ridicule and contempt and claim special damages in the sum of $5,000. There is no inuendo in the declaration pointing the meaning of the said supposed libelous words, nor is any special damages laid. It is admitted that the words are not such as would be actionable in case of verbal slander, but it is insisted that they are so in a written publication.

The article does not charge the plaintiff in error with lying or that he ever had lied or told an untruth; it simply expressed the opinion of the writer that in a certain event he would lie. This kind of a prediction we think could have very little effect on the public mind and is not libelous. The only other serious matter is the appellation of "little insignificant puppy." This, we think, without further specification of how and in what manner plaintiff in error was in any way like a little puppy, or how he was insignificant, would not be actionable. And we can not think such a comparison could have any serious effect on the plaintiff in error's character, or make him shunned or despised by the public. We think it would have a tendency to injure the character of the writer quite as much as that of the person to whom it was addressed.

While this publication was highly improper and discourteous to plaintiff in error in the extreme we can not think it libelous. It neither impeached his honesty, virtue or reputation in any other particular as we understand it, in such a degree as to expose him to public hatred, contempt, ridicule, or financial injury, nor does it charge him with a moral turpitude or with being afflicted with any loathsome disease. It is not explained in the declaration what the proposition was which plaintiff in error had made to defendant in error, Boue, which called forth such an improper letter. It may have been to play a base ball game on a wager, or some other trivial matter like it and in the absence of such explanation we must presume it was some matter of slight importance, and which, when understood as the public would understand it, would make the whole thing ridiculous.

We do not think the supposed libelous words came within the spirit of the rule in any of the decided cases, although some of them go a great way and hold matters to be libelous which hardly would be thought so at the present day. In order to hold written words libelous, the court ought to be able to see that a party's reputation was liable to be injured in some serious and material manner. To hold every little contemptuous expression written by one concerning another libelous, would be well calculated to bring the entire action into contempt and disrepute.

The statutory definition of libel is as follows: " A libel is a malicious defamation expressed either by printing or by signs or pictures, or the like, tending to blacken the memory of one who is dead; or to impeach the honesty, integrity or virtue or reputation, or publish the natural defects of one who is alive, and thereby expose him or her to public hatred, contempt or ridicule." Chap. 30, Divis. 10, Sec. 9 R. S. Gross, 1869.

From what we have said it will appear that the case does not fall within the above statutory definition.

We therefore think the court held properly in sustaining the demurrer to the declaration.

The judgment of the court below is therefore affirmed.

*Judgment affirmed.*